## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LERMAN CONTAINER CORP.,<br>4286 West Main Street<br>Jupiter, Florida 33458<br><br>          Plaintiff,<br><br>    v.<br><br>LIDS AND JARS, L.L.C.,<br>7395 Washington Boulevard, Suite 107<br>Elkridge, Maryland 21075<br>    SERVE ON:<br>    Arnold Heckman, Resident Agent<br>    7395 Washington Boulevard<br>    Suite 107<br>    Elkridge, Maryland 21075<br><br>          Defendant. | Civil Action No.:<br><br>**Complaint** |

Plaintiff Lerman Container Corp. d/b/a eBottles.com ("Plaintiff" or "eBottles.com"), through its undersigned counsel, complains and alleges against defendant Lids and Jars, L.L.C. d/b/a Cannaline ("Defendant" or "Cannaline") as follows:

## NATURE OF THE ACTION

1.    Plaintiff is a leading manufacturer and distributor of bottles and jars, including its Thick Wall Glass Concentrate Jar product, the design of which is protected by United States Design Patent No. D781,151 S. On information and belief, Defendant is distributing, marketing, offering for sale and selling a concentrate jar that is substantially the same to Plaintiff's patented design, in violation of 35 U.S.C. § 271.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it arises under the patent laws of the United States.

3.     This Court has personal jurisdiction over Defendant because Defendant's business office is located in this District.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1440(b).

**THE PARTIES**

5.     Lerman Container Corp. is a corporation organized under the laws of the State of Florida, with a principal place of business at the street address 4286 West Main Street, Jupiter, Florida 33458.

6.     On information and belief, Defendant is a limited liability company organized under the laws of Maryland, with a principal office and regular place of business in this District at the street address 7395 Washington Boulevard, Suite 107, Elkridge, Maryland 21075.

7.     On information and belief, Defendant operates under the trade name "Cannaline".

**FACTUAL BACKGROUND**

**A.  Plaintiff's Jar and Patent**

8.     Plaintiff is a leading supplier of bottles, jars, tins, closures, pumps, sprayers, and shrink bands to companies located throughout the United States and around the world.

9.     With more than thirty-five years of experience serving the needs of consumer product companies, Plaintiff's principals have worked to streamline the process of buying bottles and other product receptacles.

10.     Plaintiff supplies bottles and other items to companies across a wide spectrum of industries, including, among others, pace-setting companies in the fields of cannabis, medicine and pharmaceuticals, beauty and cosmetics, hospitality, engineering, entertainment, and restaurant services.

11.     By way of example, eBottles.com counts such famed brands as Bayer, Boeing,

General Electric, General Motors, Fox, L'Oréal, and McDonalds among its customers.

12.     Among the products designed and marketed by Plaintiff is its Thick Wall Glass Concentrate Jar, an elegant, symmetrical jar designed and marketed for use with concentrates, photographs of which are below (the "Concentrate Jar"):

 

13.     On March 14, 2017, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D781,151 S, entitled "JAR" that protects the ornamental design of one configuration of the Concentrate Jar (the "D '151 Patent"). A true and correct copy of the D '151 Patent is attached hereto as <u>Exhibit 1</u>.

14.     On April 27, 2018, Robert Lerman, the sole inventor of the D '151 Patent, assigned all right, title and interest in the D '151 Patent to Plaintiff.  Since that date, Plaintiff has been the owner of the D '151 Patent.

15.     Plaintiff is the exclusive authorized manufacturer and distributor of all commercial embodiments of D '151 Patent in the retail market in the United States.

16.     Plaintiff's website (accessible at <u>www.ebottles.com</u>) includes express, prominent notice of Plaintiff's patent rights in the Concentrate Jar, explicitly referencing the D '151 Patent:



17.    Plaintiff sells the Concentrate Jar to wholesalers, retailers and consumers directly through the eBottles.com website.

## B.  Defendant's Infringing Activities

18.    On information and belief, Defendant operates a website, www.cannaline.com, through which it markets its child-resistant boxes, bags and bottles.

19.    Defendant's principal place of business is located in this district, and as such its sales are all made from this district, including sales to customers in this district.

20.    On information and belief, Defendant's infringing products, include, but are not limited to, the infringing jar pictured below (the "Infringing Jar"), true and correct photographs of which are below:

4

 

21.     Upon discovering Defendant's sale of the Infringing Jar, Plaintiff's counsel sent a letter to Defendant's offices on March 27, 2019 alerting Defendant that its distribution and use of the Infringing Jar violated Plaintiff's rights in the D '151 Patent, and demanding that it cease and desist the infringement. A true and correct copy of Plaintiff's March 27 letter is attached as Exhibit 2.

22.     On information and belief, Defendant has continued to sell products infringing the D '151 Patent notwithstanding its knowledge of the D '151 Patent and the infringement.

23.     The overall appearance of the designs of the D '151 Patent and the corresponding design of the Infringing Jar are substantially the same.

24.     An ordinary observer will perceive the overall appearance of the designs of the D '151 Patent and the corresponding design of the Infringing Jar to be substantially the same.

25.     Table 1 below compares the true and correct images of the D '151 Patent to true and correct photographs of the Infringing Jar.



| **D '151 Patent Figures** | **Infringing Jar** |

26.     Defendant's development, manufacture, exporting, importing, shipment, distribution, promotion, advertising, marketing, sale, and/or offering for sale of the Infringing Jar infringes upon Plaintiff's valuable, exclusive rights in the D '151 Patent.

27.     Defendant's acts have caused and continue to cause Plaintiff to suffer irreparable injury to its business. Plaintiff has suffered and will continue to suffer substantial loss of goodwill and reputation unless and until Defendant is permanently enjoined from its infringement as set forth herein.

28.     Defendant is not, now or at any time, licensed under the D '151 Patent.

29.     Defendant's infringement has been willful.

## COUNT I

### Patent Infringement in Violation of 35 U.S.C. § 271

30.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

31.     On information and belief, Defendant is now, and has been, directly infringing the D '151 Patent.  Defendant is violating 35 U.S.C. §271 by selling, offering to sell, making or using the Infringing Jar in the United States.

32.     Defendant has had knowledge of the D '151 patent at least as early as March 27, 2019.  Defendant's acts of infringement of the D '151 Patent were undertaken without permission or license from Plaintiff.

33.     Defendant's infringement of the D '151 Patent has been willful and with reckless disregard of Plaintiff's rights therein, as Defendant knew or should have known that its actions constituted infringement of the D '151 Patent.

34.     As a direct and proximate result of its infringement of the D '151 Patent, Defendant has derived and received gains, profits, and advantages in an amount yet to be determined.

35.     Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

36.     Pursuant to 35 U.S.C. § 289, Plaintiff is entitled to Defendant's total profits from Defendant's infringing sales.

37.     Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

38.     Due to Defendant's infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lerman Container Corp. prays for entry of:

1)      A **FINAL JUDGMENT** that

      a.      Defendant infringed the D '151 Patent in violation of 35 U.S.C. § 271.

      b.      Defendant's infringement was willful.

2)      An **ORDER** enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, from manufacturing, designing, exporting, importing, shipping, distributing, promoting, displaying, offering for sale, and/or selling the Infringing Jar.

3)      An **ORDER** enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, from infringing the D '151 Patent.

4)      A further **ORDER**

      (a)      requiring Defendant to account for any gains, profits, and advantages derived and accrued as a result of their infringement of the D '151 Patent;

      (b)      assessing to Plaintiff an award of its actual damages, trebled, as well as all profits Defendant has derived from infringing the D '151 Patent pursuant to 35 U.S.C. 284;

      (c)      finding that this case is exceptional and awarding to Plaintiff its attorneys' fees, expenses, and costs incurred in connection with this action as provided by 35 U.S.C. § 285;

      (d)      awarding to Plaintiff pre- and post-judgment interest and costs of this action against Defendant; and

(e)    assessing such additional relief as the Court may deem just and proper.


Dated: May 14, 2019                           Respectfully submitted,

                                              ___/s/_____

                                              Thomas M. Wood, IV (Bar No. 00365)
                                              Robert C. Baker III (Bar No. 20382)
                                              Neuberger, Quinn, Gielen, Rubin, Gibber P.A.
                                              One South Street, 27th Floor
                                              Baltimore, Maryland 21202
                                              tmw@nqgrg.com
                                              rcb@nqgrg.com
                                              PHONE: (410) 332-8523
                                              FAX: (410) 332-8564

                                              *Attorneys for Plaintiff Lerman Container Corp.*